George Malpass, Appellant, *v.* Hestonville, Mantua and Fairmount Passenger Railroad Company and Union Traction Company.

| 189 | 599 |
| 217 | 70 |
| 189 | 599 |
| 35 SC | 602 |

*Negligence—Street railways—Contributory negligence—Position of danger—Summer car.*

Where a person at the terminus of a street railway attempts to mount on the running board of an open or summer car about to make a return trip, before the bar preventing passengers from entering on that side is

raised, and in doing so goes upon a track upon which he knows that another car may move from a switch behind the car which he intends to take, he puts himself voluntarily in a position of danger, and if he is injured by the other car he cannot recover damages from the railroad company.

Argued Jan. 17, 1899. Appeal, No. 313, Jan. T., 1898, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1897, No. 143, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BIDDLE, P. J.

At the trial if appeared that plaintiff was injured on July 23, 1897, on Arch street above Front street in the city of Philadelphia, by being crushed between cars operated by the defendants. The eastern terminus on Arch street for both companies was at the place of the accident. Plaintiff desired to get on a summer car of the Union Traction Company. In trying to do so he went upon the track next to the car, and while he was on the step of the Union Traction car, and before the bar had been raised high enough to permit him to enter, a Hestonville, Mantua and Fairmount car started, took the switch for the north track, reached it, and with considerable speed moved westward and passed along the side of the Union Traction car. On account of the closeness of the tracks, the plaintiff was caught between the cars and severely injured.

The plaintiff, in his testimony, described the accident as follows :

" Q. When you reached Arch street was the south bar of the Spring Garden (Union Traction) car up or down? A. Down. Q. What did you do when you found this bar was down? A. I walked around the back of the car and got on the north side. The motorman and conductor were in their position to raise this bar and I got on. Q. Where was the Arch street (Hestonville, Mantua and Fairmount) car when you started to pass in the rear of the Spring Garden street car? A. On the same track. Q. How far below? A. I should suppose about twenty-five or thirty feet. Q. When you started to get on the car of the Spring Garden street line, where was the Arch street car? A. On the same track, about twenty feet below. Q. But had not started? A. No, sir. Q. How do you know

it had not started? A. I looked and examined it and saw they were both on the same track before I got in between. Q. Did you or did you not look southward to see whether or not the Arch street car was approaching before you attempted to get on the north side of the Spring Garden street car? A. Yes, sir; it was stationed there and had not moved. Q. Where were the motorman and conductor of the Spring Garden street car when you attempted to get on the north side? A. One in front and one in back. Q. What were they doing when you attempted to get on? A. About in the act of lifting the bar. Q. How long does it take to lift a bar under ordinary circumstances? A. A very few seconds. Q. Did they see you attempt to get on? A. Yes, sir. Q. How do you know they did? A. They could not help it; they were looking at me. Q. May I ask whether on previous days, when you had reached this point to take the Spring Garden street car, you had noticed the south bar down? A. Yes, sir. Q. What did you do on previous occasions? A. The same as this day, walked around on the north side, and the bar was always up."

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Charles H. Edmunds,* for appellant.—The case was for the jury: Coll v. Easton Transit Co., 180 Pa. 618: Thompson v. Traction Co., 180 Pa. 114: Woelfel v. Federal St. & Pleasant Valley Pass. Ry. Co., 183 Pa. 213; Cleary v. Traction Co., 179 Pa. 526; Davidson v. Ry. Co., 179 Pa. 227; Lenkner v. Citizens Traction Co., 179 Pa. 486; Reber v. Pittsburg, etc., Traction Co., 179 Pa. 339; Vallo v. U. S. Express Co., 147 Pa. 405; Donahue v. Kelly, 181 Pa. 93; Brown v. French, 104 Pa. 604; Sprawls v. Morris Twp., 179 Pa. 219.

*Thomas Leaming,* with him *Russell Duane* and *J. Bayard Henry,* for appellee.—There was no sufficient affirmative proof of negligence on the part of the Hestonville, etc., Railway Company, being the noncarrying company, and the learned court was correct in refusing to strike off the judgment of nonsuit: Fleishman v. Neversink, etc., R. R., 174 Pa. 510.

The plaintiff was guilty of contributory negligence in voluntarily putting himself in a position of danger quite unnecessarily: Butler v. Pittsburg & B. Pass. Ry., 139 Pa. 195 ; Aikin v. Frankford, etc., Pass. R. R., 142 Pa. 47; Bard v. Penna. Traction Co., 176 Pa. 97; Reilly v. Green. etc., Pass. Ry., 4 W. N. C. 273 ;. Derry v. Camden. etc., R. R., 163 Pa. 403.

PER CURIAM, January 30, 1899 :

We find nothing in this record that would justify us in holding that the court below erred in refusing to take off the judgment of nonsuit. There is no evidence of negligence on the part of either of the defendant companies that required submission of the case to the jury. The plaintiff undertook to do what neither of them could reasonably be expected to anticipate, and they were not negligent in failing to provide against such an imprudent act.

Judgment affirmed.