217          69
f 35 SC 602

# Harding, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Summer car—Riding on running board—Contributory negligence.*

One who undertakes to ride on the running board of a summer street car, outside of a lowered bar is negligent per se, and cannot recover for injuries incident to his position, whether he could have got a safer position or not.

Argued Jan. 10, 1907. Appeal, No. 242, Jan. T., 1906, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1904, No. 861, on verdict for defendant in case of Frank V. Harding v. Philadelphia Rapid Transit Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

*Error assigned* was in giving binding instructions for defendant.

*John McConaghy, Jr.,* for appellant.

*Russell Duane* and *Thomas Leaming,* for appellee, were not heard.

PER CURIAM, February 4, 1907:

There was no evidence of defendant's negligence. The plaintiff had no recollection of the accident and the witnesses on his side who saw it only said in general terms that when the two cars passed each other the running board of the one on which plaintiff stood was crowded and several men jumped, fell or were pushed or brushed off. A witness for the defense testified that as the cars passed a man on plaintiff's car extended his hand, grasped the other car and was thrown backwards against the men behind him, including plaintiff. This

is the most plausible account that was given, and apart from it there is nothing to show that plaintiff on the approach of the car did not lose his nerve and jump or fall from the car.

Under the circumstances there was no presumption of negli-. gence on the part of defendant, but even if it had been clearly shown it would have been altogether immaterial. Plaintiff was riding voluntarily in a place of manifest danger, and in so doing he assumed all the risks of the situation. It is settled law that it is contributory negligence which will bar recovery, to stand on the platform, or the running board of a car, when a place can be reached inside: Thane v. Traction Co., 191 Pa. 249; Bumbear v. Traction Co., 198 Pa. 198; and it is equally clear that one who takes a position of manifest and imminent danger assumes the risk of his position whether he could have got a safer place or not: Bard v. Traction Co., 176 Pa. 97; Malpass v. Pass. R. R. Co., 189 Pa. 599.

It is argued by appellant that he was not warned by the conductor of the danger of his position. But the lowered bar was sufficient warning in itself. It was notice that the running board on that side was a place of danger and that passengers were not expected, nor so far as the company could control the situation permitted, to use it even for the limited purpose of getting on or off the car for which the running board is intended. The alternative offered by plaintiff of having to wait for another car and thus being late in getting home is no justification. In any other country than this, plaintiff would have been forcibly prevented from getting on the car at all after the number of passengers had reached the limit of safety or even of convenience. To attempt the enforcement of such a regulation here would certainly lead to continual quarrels and breaches of the peace. A reasonable amount of concession, therefore, to the American's impatience of control and confidence in his own ability to take care of himself should not be visited with punishment by the infliction of penalties on the company for the passenger's own fault. It must be definitely recognized that one who undertakes to ride on the running board outside of a lowered bar, is negligent per se and cannot recover for injuries incident to his position, whether he could have got a safer position or not.

Judgment affirmed.