Mr. Chief Justice Shepard
delivered the opinion of the Court:
1. The first assignment of error is on an exception taken to the court’s refusal of an answer to the following question propounded by the plaintiff to one of her witnesses: “Referring to this attitude which she (plaintiff) took, resting her arm on the bar, was it anything unusual or unlike the common habit of passengers on that'car?” The question is leading in form,, but the record does not show that this was made a ground of objection. Had it been, the question might have been withdrawn and put in proper form. Probably, evidence of a habit or practice of passengers in respect of a thing that may produce, or concur in producing, an injury, that is so common and continued as to warrant an inference of knowledge thereof by. the carrier, may sometimes be relevant to the issue of negligence. But the case here presented does not require a consideration of that question.
In the first place, the witness was not qualified to testify to any such habit of passengers in that or similar cases, because it appeared that it was the first time that he had traveled in such a car. Had he shown his competency, however, the evidence offered would not be relevant. It seems quite clear from all the circumstances in evidence that had plaintiff’s arm and hand remained in rest upon the bar, the injury would not have been sustained. There was no disturbance of the car causing the hand to protrude. It was its voluntary extrusion by plaintiff pointing out the house to her companion, that caused it to-come in contact with the pole. There was therefore no error in excluding the evidence.
2. The second assignment of error is on exception taken to the refusal of the court to permit the same witness to answer *486 the following question: “How long, to your knowledge, had this 'pay within’ car been in use on that line?” At the same time counsel announced that it was his intention to show that the car had been in use but a short time, and that the cars formerly used were of a different type and less wide, and that the increased width brought the window nearer the pole, increasing the danger, without notice having been given of such increased danger. The admitted evidence showed that this car had not been long in use, and was considerably wider than the former cars, as well as that this was the first time plaintiff or witness had been in the new and wider ear. It was also shown that no employee of the company had given notice of increased danger, and that there was no printed sign in the car giving such notice. It also showed that instead of giving direct notice, the defendant had erected the bars to guard the windows of the car. It is the contention of the appellant that it was the legal duty of the defendant to give some direct notice of the increased danger of contact with the poles through the use of the wider cars; and on the soundness of this contention, the competency of the offered evidence is founded. That the contention is not well founded is quite clear. It was not negligence as a matter of law, to fail to give direct notice or warning of danger from the increased width of the ears. Whether the defendant sufficiently discharged its duty to exercise the highest degree of care for the safety of passengers, in the manner in which it undertook to bar the windows, was a question of fact for the jury, which the court properly submitted to their ■determination. But were the plaintiff’s contention sound, no prejudice could have resulted from the exclusion of the evidence. Plaintiff had been in the habit of riding to Chevy Chase in the former and narrower cars, and was familiar with them. The new cars had been so recently introduced that this was the first time she had entered one. The duty to give direct notice and warning of the increase of danger, if it existed, would not have been increased by proof of the particular date of the substitution of the new car. The question involved was whether, under all the circumstances, the duty of the defendant to its *487 passengers in that car had been sufficiently performed by the erection of the bars across the windows.
3. the third assignment of error relates also to the exclusion of evidence. Having testified that the space between the tracks narrows between the Zoo and the bridge, the witness was asked whether from the Zoo to Chevy Chase lake the space between the tracks was of the same width. the court, on objection, refused to permit the witness to answer. Plaintiff bad been permitted to introduce evidence of the location of the tracks from the Zoo to the bridge, between which places the accident happened, and of the poles adjacent to the one which inflicted the injury. We fail to perceive the relevancy of the additional evidence.
4. the fourth error is assigned on exceptions taken to the exclusion of certain evidence offered by the plaintiff, to the effect that the plaintiff was a skilled musician, and a “painter of pictures,” and that, by reason of the injury, she is unable to play the violin or piano, or to paint. the court excluded the evidence on the objection made that the damage is a special one that was not pleaded. As the jury found against the plaintiff on the issue of negligence, it is unnecessary to consider whether the objection was well taken. If there was error in the exclusion of the evidence, it would not warrant the reversal of the judgment.
5. the fifth assignment of error embraces nine several exceptions taken to special instructions given and refused. the error is thus assigned: “In refusing each of the 1st, 2d, 3d, 4th, 5th and 6th instructions prayed by the plaintiff, and in granting each of the 2d and 4th instructions prayed by the defendant, (9th to 17th exceptions inclusive, Rec. 17 to 21, 24).” Eule 8 of this court, promulgated at the time of its organization in the year 1893, requires that the errors assigned shall be “separately and specifically stated.” the manner of stating the error is in violation of this rule, the necessity of compliance with which has often been declared. District of Columbia v. Robinson, 14 App. D. C. 512-539; Hartman v. *488 Ruby, 16 App. D. C. 45-59; Clerks’ Invest Co. v. Sydnor, 19 App. D. C. 89-95.
By reason of special circumstances, however, we will, in exercise of the discretion reserved to the court by the rule, proceed to consider several alleged errors in the action on the special instructions. These are set out on the brief and were discussed on the argument. (1) Without reciting plaintiff’s special instructions 1 and 2, that were refused, it is sufficient to say that they relate to the degree of care required of a carrier of passengers applicable to the conditions shown. As the charge of the court correctly stated the degree of care required, it was not error to refuse additional instructions relating thereto. Instruction No. 3, after reciting the particular facts relating to the width of the former cars and the increased danger of contact with the trolley-poles occasioned by the use of the wider car, substantially charged the jury that the failure of notice of such increased danger constituted negligence. The error of this contention has been pointed out in the consideration of the second assignment.
(2) There was no error in refusing special instruction No. 4, which related to the question of plaintiff’s contributory negligence. So far as it correctly stated the law, it is embodied in the court’s charge. As a whole, it was objectionable because it contained a further instruction to the effect that failure to give notice of the proximity of the pole was such negligence on the part of the defendant as to preclude contributory negligence on the part of plaintiff in extending her hand outside the car. (3) Instruction 5 was to the effect that the jury could take into consideration their own personal experience and observation of the common habits of passengers to rest their arms on the bases of the windows, and when the windows are open to extend their arms slightly outside the cars; and coupled with it the instruction that failure to give notice of danger incurred by the practice was negligence justifying a verdict for the plaintiff. If for no other reason, the instruction was properly refused, because there was no evidence of any such habit or practice of passengers. Moreover, it embodied the erroneous *489 proposition as to the necessity of express notice of the probable danger. (4) There was no error in refusing special instruction No. 6, relating to the measure of damages. It is not different from the charge given in relation thereto, and it is unimportant by reason of the verdict for the defendant on the issue of negligence. (5) The second special instruction, given to the jury on behalf of the defendant was to the effect that no presumption of negligence on the part of defendant arose from the mere happening of the accident, and that the burden was upon the plaintiff to show that she was injured through the negligence of the defendant. There was no error in this instruction. Where an injury occurs to a passenger through some accident to the means of transportation, which with the exercise of ordinary care by the carrier’s employees would not ordinarily happen, it affords reasonable evidence from which negligence may be inferred, unless explained. Weaver v. Baltimore & O. R. Co. 3 App. D. C. 436-452; Mobile J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35-43, 55 L. ed. 78-80, 32 L.R.A.(N.S.) 226, 31 Sup. Ct. Rep. 136. It has been held that the same inference arises in case of an accident happening to a passenger in getting on or off a car while under the control of a carrier, and which, in the usual and ordinary course of things, would not happen with proper care. City & Suburban R. Co. v. Svedborg, 20 App. D. C. 543-549. In a recent case it was said that “while the burden is always upon the plaintiff to establish his right to recover by the preponderance of the evidence, in cases where the causes of the accident are peculiarly within the knowledge of the defendant, proof of the happening of the accident establishes a prima facie case, which calls for rebuttal and explanation on the part of the defendant.” Sullivan v. Capital Traction Co. 34 App. D. C. 358-371. In the case at bar, there was no injury to the means of transportation, and no facts relating to the cause of the accident that were peculiarly within the knowledge of the defendant, that would justify the presumption of negligence, and the jury were properly so informed. (6) It is argued that error was com *490 anitted in giving the following special instruction requested by the defendant:
“If the jury shall find from the evidence that, at the time and place in question, the plaintiff was a passenger on the car •of the defendant company and was seated immediately adjacent to a window in said car, and that the opening of the said window was guarded by four iron bars, each of the diameter ■of about one half an inch, which bars extended across the said openings above the sill of the said window, parallel to each other and at a distance of 3 inches from each other, the lowest one of which was at a distance of 3-Jr inches from said sill, and the remaining three of which were distant successively 3 inches from each other, then the jury are instructed that the presence of the said bars in the said place was a warning to the plaintiff that it was dangerous for her to project any part of her body beyond the said bars; and if the jury shall find further from the evidence that the plaintiff at the time and place in question was seated immediately in front of one of the said windows, and rested her arm upon the topmost of said bars, and projected her hand to the extent of about I-J- inches beyond the ■said top bar, and was thereupon injured by having her hand so projected strike against a trolley pole of the company situated at the distance of I-J inches from said top bar, and maintained there for the purpose of the operation of the said road; and if the jury shall further find from the evidence that an ordinarily prudent person in the then position of the plaintiff and under, the surrounding circumstances would not have so projected her said hand, then their verdict should be for the defendant.”
The special error in this instruction is alleged to consist in the words that “the presence of the said bars in the said place was a warning to the plaintiff that it was dangerous for her to project any part of her body beyond the said bars.” In considering this instruction it is to be remembered that evidence had been introduced, without objection, to the effect that the window bars had been erected as a protection and a warning to passengers not to protrude any portion of their bodies out *491 side the car. Some courts of high authority have said that whatever other purpose such window rods might subserve, if .any, they were calculated to warn the passenger to keep his person inside the car. Interurban R. & Terminal Co. v. Hancock, 75 Ohio St. 88-113, 6 L.RA.(N.S.) 997, 116 Am. St. Rep. 710, 78 N. E. 964, 8 A. & E. Ann. Cas. 1036. See also Harding v. Philadelphia Rapid Transit Co. 217 Pa. 69, 70, 10 L.R.A.(N.S.) 352, 66 Atl. 151. Windows in cars are necessary to the comfort of passengers, and persons no doubt often pro- ■ trade their persons from the same. Due regard to the comfort .and safety of passengers on roads where poles or obstructions exist near the cars suggests the importance of protecting the windows so that the comfort may be enjoyed with reasonable safety. While it would seem that window rods of the kind in this ease would ordinarily serve no other good purpose than that of pre-venting the extrusion of the head or body of a passenger, and therefore contain a notice or warning of probable danger in the extension of an arm or hand through the openings between or above the same, yet whether this be the fact is, in our opinion, a question for the determination of the jury, and not the ■court, in finding whether there was negligence on the part of either carrier or passenger. Assuming that a direct instruction to the jury that the existence of the bars was necessarily notice .and warning to the plaintiff would be error, we do not find that the words quoted took the question of fact from the jury. The •general purpose of the instruction was to submit the question of contributory negligence to the jury, and the test given was whether ordinarily prudent persons, under similar circumstances, would have done what she did. That the court did not regard the words as having the significance attributed to them by the plaintiff is apparent from the language of the charge. After defining the degree of care required of passenger carriers, the jury were told, in considering the question of defendant’s negligence, to consider the proximity of the pole.and the character of the window bars, and to determine from all the evidence whether the carrier’s duty had fieen discharged as a matter of fact. On the *492 issue of contributory negligence, the court fully and fairly submitted the issue in the following language:
“In determining whether she was negligent, you would have to take into consideration not only what she knew from past experience as a traveler over this road with respect to the presence and proximity of poles, but you would have to take into consideration every other physical condition that was patent to her observation. In other words, you have to consider not only what she actually knew, but what she ought to have known from what she saw with her eyes, and what she felt with her hands and arms. Therefore you have to consider what a reasonable person should have understood the significance of the bars at the window to be,—whether or not a reasonable person should have understood the significance of those bars to be that there was danger of contact with obstructions outside of the bars, or whether a reasonable person would not have been called upon, by the presence of the bars, to believe that that was the significance which the company intended them to carry to the passengers who sat at the windows. The court cannot say as a matter of law that, although the plaintiff confessedly knew there were poles along the line of the right of way, that there could be no justification which would warrant her for a moment in forgetting that the pole was likely to be there. That is a matter of fact that you will have to consider as you will consider all other facts which tend to the determination of the question whether, with what she knew and what she saw, the nature of the car and the window and the bars and the like, a person of reasonable prudence would have extended his hand from the window to the degree that she extended her hand. How far she extended her hand is another question of fact which you will have to decide from the evidence. You have to examine and determine in detail just how far she put her hand out, and whether, under all the circumstances of her environment and actual knowledge at the moment, a person of reasonable prudence and caution, situated exactly as she was situated at that very place, knowing what she knew, seeing what she saw, and understanding the other physical conditions that were brought to her mind by her *493 senses, would not have extended the hand as far as she extended hers, and thus come in contact with the pole, then she would have been negligent in adopting that conduct that a person of reasonable prudence and caution would not have adopted under the circumstances.”
Even had the court intended, in the special instruction, to indicate that in his opinion the bars would be a warning, his direct charge left the question to the jury to determine. Washington Gaslight Co. v. Poore, 3 App. D. C. 127—139; Maxey v. United States, 30 App. D. C. 63-78, and cases there cited.
It appears also that the exception to the instruction was a general one. It did not call the attention of the court to the particular part of the same now under consideration. Had this been done, it may be inferred from the words of the charge above quoted, that the court would have modified the expression so as to remove the objection. The special grounds of objection should, at least, have been stated, so as to give the court an opportunity to pass upon the particular point. W. T. Walker Furniture Co. v. Dyson, 32 App. D. C. 90—92, 19 L.R.A. (N.S.) 606; McDermott v. Severe, 25 App. D. C. 276-290, S. C. 202 U. S. 600-610, 50 L. ed. 1162-1168, 26 Sup. Ct. Rep. 709.
Finding no error in the record, the judgment will be affirmed, with costs. Affirmed.