## Schmidt, Appellant, *v.* West Penn Railways Co.

*Negligence—Street railways—Standing on front steps of car—Contributory negligence.*

A boy eighteen years old cannot recover damages from a street railway for injuries, where it appears that he stood on the lower front steps of a crowded street car, on the side next to the second track on which he knew that cars were operated, and while thus standing with his body extending beyond the clearance, which was but six inches, and with his face turned towards the inside of the car, he was struck by a car on the other track. In addition no negligence of defendant was established.

Argued October 14, 1920. Appeal, No. 136, Oct. T., 1920, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1919, No. 752, for defendant n. o. v., in case of George M. Schmidt, minor, by his next friend and brother Louis E. Schmidt v. West Penn Railways Co. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries. Before KLINE, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,291.25. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was judgment, quoting it.

*L. K. Porter,* with him *S. G. Porter* and *R. A. Hitchens,* for appellant.

*William A. Challener,* with him *Clarence Burleigh* and *David I. McCahill,* for appellee.

PER CURIAM, December 31, 1920:

Judgment non obstante veredicto was entered by the court below on the ground of the contributory negligence of the plaintiff. It might well have been entered for failure to establish any negligence of the defendant company which caused the injuries sustained.

The contributory negligence of the plaintiff could not well have been clearer. He was eighteen years of age and thoroughly familiar with the situation surrounding the car upon which he became a passenger. When he attempted to board he found it crowded, and, not being able to enter it, stepped on the lower left front step. He knew that on the adjoining track cars would pass the one upon which he was riding; and the clearance between them was but six inches. While standing on the step of the car, with his body extending beyond the clearance and with his face turned towards the inside of the car, another car approached on the adjoining track and of course struck him. That he cannot recover is too obvious for discussion: Harding v. Phila. Rapid Transit Co., 217 Pa. 69.

Judgment affirmed.