ANNA SCHUETTICH, ADMINISTRATRIX AD PROSEQUENDUM OF CHARLES J. SCHUETTICH, DECEASED, RESPONDENT, v. HUDSON BUILDERS' MATERIAL CORPORATION AND ADAM GUSKER, APPELLANTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellants, *Thomas F. Doyle.*

For the respondent, *Charles A. Rooney.*

The opinion of the court was delivered by

PARKER, J.   Plaintiff's decedent was employed as a helper on a coal truck of the Jersey City Coal Company and at the time of his fatal injuries was riding on the truck, which was moving south on Central avenue, Jersey City, beneath the elevated structure, which is supported by columns a little

over seventeen feet apart, leaving adequate room for vehicles to pass each other between columns. The truck of the corporate defendant, driven by defendant Gusker, was moving north also beneath the elevated structure, and following another truck of said corporate defendant at a distance of a few feet. As the jury could find, the coal truck and the second truck of the material company collided because the latter struck a column on its right and rebounded over against the coal truck, damaging it and fatally injuring deceased. The only ground of appeal raised herein, to use the language of appellants' brief, is that the court refused to direct a nonsuit in favor of the defendant because plaintiff's intestate was guilty of contributory negligence in occupying the position that he did upon the truck at the time of the accident.

For the facts in regard to the position occupied by decedent we may further adopt the language of appellants' brief:

"That on the 24th day of August, 1931, decedent worked as a helper on a coal truck owned by the Jersey Coal Company. Working with him on the truck at the time of the accident were Peter McGovern, chauffeur, and Eddie Truedell, helper; Truedell sat next to McGovern in the driver's seat, while decedent sat on a tool box located on the left running board. In this position on the running board decedent's head rested against the body of the truck; his legs were on the running board and he held on with one hand to the side of the truck. The tool box upon which he sat was about a foot wide and the running board upon which the tool box rested was about a foot and a half long. The truck itself was about six feet wide. The body of the truck extended about a foot beyond the running board. No part of decedent's body extended beyond the limits of the truck.

"The accident occurred between half past four and five in the afternoon in broad daylight."

We are clear that a nonsuit was properly refused. The question of contributory negligence of the plaintiff was one for the jury and not for the court. The trial judge properly

instructed the jury that if they should find that the deceased directly contributed to his own injury and death by placing himself in an obvious position of danger; or if they should find that deceased assumed the risk incident to his riding on the tool box and that the position of the deceased was obviously dangerous, the plaintiff could not recover. The defendants were not entitled to more than this. Counsel for appellants cites our recent decision in *Brennan* v. *Public Service Railway Co.*, 106 *N. J. L.* 464, and a somewhat similar Pennsylvania case, *Schmidt* v. *West Penn Railways Co.*, 112 *Atl. Rep.* 22. But both are cases of street cars passing other street cars on a double track at close quarters, and the injured party clinging to the outside of the car. And in *City Railroad Co.* v. *Lee,* 50 *N. J. L.* 435, in which the plaintiff was standing on the running board of an open car, the question of his contributory negligence was held to be for the jury. Moreover, the case of one riding on a private truck in the open road and not on a track has elements of difference. As was observed by the Supreme Court of Pennsylvania in *Robinson* v. *American Ice Co.,* 141 *Atl. Rep.* 244, 245: "Whether or not the position of the present plaintiff on the running board was dangerous and contributed to the injury at the hands of defendant, depends on circumstances. We cannot hold as a matter of law that it is always such negligence to stand on the running board or step of an automobile or truck as will defeat recovery in case of injury, though ordinarily the position is considered dangerous (*Schomaker* v. *Havey, supra*), yet where the action arises because of the alleged negligence of some one other than the driver of the car, if there is any question whether plaintiff's position was dangrous, as lacking in the exercise of the care required under the circumstances, and contributed to his injury, it is for the jury to determine."

In *Zeliff* v. *North Jersey Street Railway Co.,* 69 *N. J. L.* 541, which was another street railway case, the plaintiff had his arm resting on the frame of an open window and there was a collision between the car and a barrel truck which broke the plaintiff's arm. It was held that the trial

court properly refused a motion to nonsuit on the ground that the plaintiff voluntarily placed himself in a position of danger, remarking that this was fairly in dispute upon the evidence. The suit was not against the owner of the barrel truck but against the Street Railway Company, in whose car the plaintiff was riding. This obviously accounts for the further comment of the Supreme Court, approving the instruction to the jury, "that the motorman had the right to assume that no part of the person of the passenger would protrude beyond the lines of the car."

As we have already observed, the evidence in the present case tended to show that the body of the deceased was at all times within the lines of the truck on which he was riding.

In *Thibodeau* v. *Hamley*, 95 *N. J. L.* 180, the plaintiff was riding in a jitney bus operated by the defendants and had his arm on the sill of an open window as in the Zeliff case. There was a collision between the bus and another bus which broke plaintiff's arm. In the opinion of this court written by the late Mr. Justice Kalisch, on page 184, it is said: "In the present case the statement by the court that it is not negligence in itself for a passenger to extend his or her arm or elbow from the window of a jitney, and that it was for the jury to determine whether, under all the facts and circumstances of the case, the plaintiff was guilty of negligence in doing so, if he did so, as a correct legal proposition, is unassailable."

Finally, in the Supreme Court case of *Gavin* v. *Cohn*, 5 *N. J. Mis. R.* 296, we have the precise situation that obtains in the case now before us. The plaintiff was a passenger in the private automobile of a friend and was riding on the running board. This car came into collision with another car owned by one defendant and driver by the other. On rule to show cause it was urged that there should have been a nonsuit on the ground of contributory negligence; but the Supreme Court said that whether the fact that she was riding on the running board was negligence on her part contributing to the accident, was a matter of fact for the jury to decide, and not for the court.

We agree that it was at least for the jury to say whether the deceased assumed an obvious risk or was guilty of contributory negligence, or both, in placing himself outside the cab of the automobile which was less than the full width of the car itself and where, as the jury could properly say, he could not be injured except in case of a collision with the narrow front part of the car where he was sitting.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.